UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOSEPH KENNETH NEAL,

                Plaintiff,

                - against-

SCHWARTZ ASSESSMENT SHELTER;
MYRTLE AVE. MEN'S SHELTER; and
DEPARTMENT OF HOMELESS
SERVICES,

                Defendants.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
18-CV-3457 (PKC)(LB)

PAMELA K. CHEN, United States District Judge:

On June 13, 2018, Plaintiff Joseph Kenneth Neal filed this *pro se* action against two homeless shelters and the New York City Department of Homeless Services. Plaintiff paid the filing fee to commence this action. For the reasons that follow, the Complaint is dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

## BACKGROUND

The Complaint alleges that staff members at two homeless shelters failed to deliver Plaintiff's mail and telephone messages to him. In particular, Plaintiff alleges that staff members at the Schwartz Assessment Shelter failed to give him mail that was addressed to him, including his New York City Identification ("NYC ID") card. (Complaint, "Compl", Dkt. 1, at ECF[1] 5.) He alleges that his case manager at the Myrtle Avenue Shelter failed to deliver a telephone message to him regarding a lawsuit Plaintiff had filed against a Chicago publishing company. (Compl. at ECF 6.) Plaintiff alleges that he tested the mail delivery system by sending himself a certified

---

[1] For ease of reference, citations to Court documents utilize the pagination generated by the CM/ECF docketing system and not the document's internal pagination.

letter at the facility, which shelter employees sent back to a return address in California rather than give to him. (*Id.*) Plaintiff asserts that he alerted the Department of Homeless Services about the failure of the shelters to deliver his mail to him, but they failed to acknowledge his concerns. (*Id.*) Plaintiff asserts that the mishandled voice message concerned a "$2 million suit," and that the failure to receive his NYC ID card has given him problems transacting banking and postal business. (*Id.*) He seeks $2 million in damages. (Compl. at ECF 5.)

Plaintiff previously filed a lawsuit against the "Dept. of Homeless Shelter" on November 17, 2017, in which he alleged that his case manager failed to give him a phone message related to his lawsuit against Johnson Publishing Company. That action was dismissed for lack of subject matter jurisdiction. *Neal v. Dep't Homeless Servs.*, No. 17-CV-6802 (PKC)(LB), 2018 WL 276350, at *2 (E.D.N.Y. Jan. 3, 2018).[2]

## STANDARD OF REVIEW

To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. (citations and internal quotations and alterations omitted).

---

[2] Plaintiff's prior *pro se* suit appears to concern the same or similar conduct by staff at the New York City Department of Homeless Services. (*Compare* 2018 WL 276350 at *1-*2 *with* Compl., Dkt. 1 at ECF 5, 7.) The Court cautions Plaintiff against attempting to revive or otherwise incorporate any claim from his previously dismissed case or any claim dismissed in this case in any action he may file with this Court in the future.

2

Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing Plaintiff's Complaint, the Court is mindful that he is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*); *see also Mallard v. United States District Court*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). Moreover, Federal Rule of Civil Procedure 12(h)(3) states, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *See also Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).

**DISCUSSION**

In an individual civil action, federal subject matter jurisdiction is available when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal question jurisdiction may be properly invoked only if the plaintiff's complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

Plaintiff's Complaint does not assert a basis for either diversity jurisdiction or federal question jurisdiction. Plaintiff's claim that shelter employees[3] failed to deliver his mail and a telephone message does not implicate any provision of federal law that would provide a basis for federal question jurisdiction. Moreover, Plaintiff has not alleged that the citizenship of the parties is diverse. As Plaintiff neither raises a question of federal law, nor asserts diversity jurisdiction, the Court has no basis for federal subject matter jurisdiction over this action.

---

[3] Plaintiff does not identify any individual defendants or even establish whether the shelters are privately run, whether they are acting under color of state law or whether they are staffed by local, state, or federal government employees. Had he identified individual state actor defendants, the Court could have considered whether plaintiff intended to assert a claim pursuant to 42 U.S.C. § 1983. However, it is difficult to imagine such a claim under the circumstances described. Although courts have recognized a First Amendment right to the "free flow of incoming and outgoing mail," these cases are generally limited to criminal, or perhaps civil, confinement. *Davis v. Goord,* 320 F.3d 346, 351 (2d Cir. 2003) ("In addition to the right of access to the courts, a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment."); *see also Ahlers v. Rabinowitz,* 684 F.3d 53, 64 (2d Cir. 2012) (adapting the standard for analyzing censorship of mail in the prison context to the civil commitment context). As a voluntary shelter resident, Plaintiff was not limited to receiving his mail through the facility. Thus, a First Amendment claim under Section 1983 would not apply, even if Plaintiff had named individual government officials or state actors as defendants.

## CONCLUSION

For the reasons set forth above, the action is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Although Plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: June 21, 2018
      Brooklyn, New York